UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY CHAPMAN,

        Petitioner,

                                  CASE NO. 2:11-CV-14039

   v.                              JUDGE BERNARD A. FRIEDMAN

                                  MAGISTRATE JUDGE PAUL J. KOMIVES

JEFFREY WOODS,

        Respondent.[1]

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      D.    *Sufficiency of the Evidence (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      E.    *Hearsay Evidence (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
           1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
      F.    *Ineffective Assistance of Counsel (Claims I & IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
           1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      G.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
           1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
      H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

---

[1]By Order entered this date, Jeffrey Woods has been substituted in place of Ken Romanowski as the proper respondent in this action.

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.      *Procedural History*

        1.      Petitioner Jeffrey Chapman is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan.

        2.      On January 14, 2009, petitioner was convicted of unarmed robbery, MICH. COMP. LAWS § 750.530, following a jury trial in the Kalamazoo County Circuit Court.  Petitioner was acquitted of an additional charge of involuntary manslaughter.  On February 9, 2009, he was sentenced to a term of 12-30 years' imprisonment.

        3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

        I.      DEFENDANT'S CONVICTION FOR UNARMED ROBBERY MUST BE VACATED BECAUSE THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION, SPECIFICALLY, THERE IS INSUFFICIENT EVIDENCE THAT DEFENDANT UTILIZED "FORCE OR VIOLENCE" OR PUT THE VICTIM IN FEAR IN ORDER TO COMMIT A LARCENY.

        II.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING INADMISSIBLE HEARSAY TO BE ADMITTED BECAUSE THE STATEMENTS DID NOT QUALIFY AS PRIOR CONSISTENT STATEMENTS.

        III.    TRIAL COUNSEL WAS INEFFECTIVE IN NOT REQUESTING INSTRUCTIONS ON LARCENY FROM A PERSON.

The court of appeals granted petitioner's motion to remand for a motion for new trial and evidentiary hearing on his ineffective assistance claim.  At the conclusion of the evidentiary hearing, the trial court found that counsel was not ineffective.  The Michigan Court of Appeals subsequently found

2

no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Chapman*, No. 290553, 2010 WL 2384927 (Mich. Ct. App. June 15, 2010) (per curiam).

4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Chapman*, 488 Mich. 947, 790 N.W.2d 684 (2010).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 15, 2011. As grounds for the writ of habeas corpus, he raises the three claims that he raised in the state courts (as Claims II through IV), as well as an additional claim that counsel lied at the evidentiary hearing (Claim I). Petitioner filed an amended application on October 28, 2011, raising the same claims.

6.      Respondent filed his answer on May 2, 2012. He contends that petitioner's claims are without merit.

7.      Petitioner filed a reply to respondent's answer on June 1, 2012.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from his "attempt to enter a vehicle belonging to Joseph and Jean Rizzuto and take loose change located therein." *Chapman*, 2010 WL 2384927, at *1. The evidence adduced at trial was summarized by the Michigan Court of Appeals:

> Defendant's conviction for unarmed robbery arises from his attempt to steal change from the Rizzutos' vehicle as it was parked in their driveway in the middle of the night. On the night of September 7, 2008, the Rizzutos left their unlocked vehicle, a 2002 Chrysler, in the driveway. During the night, Rizzuto awoke and left the bedroom, apparently to watch television elsewhere in the house. At some point, Rizzuto heard a noise or otherwise noticed defendant, returned to the bedroom, woke Jean to tell her that someone was in the yard, retrieved his firearm, and left the bedroom. Rizzuto discovered defendant sitting in his car, left the house, walked to the car and opened the driver's side door, and confronted defendant. When Rizzuto looked over his shoulder to tell Jean to call the police, defendant got out of the car,

3

grabbed Rizzuto and struggled with him, pushed him against the car door, and fled. Rizzuto shot defendant once in the leg, and defendant fell on the driveway. Rizzuto then walked toward defendant, told Jean that he was not feeling well, walked into the house, and collapsed just inside the doorway, having apparently suffered a heart attack. Rizzuto lost consciousness and died a few hours later. Defendant claimed that he did not intend to steal the vehicle; instead, he admitted that he was searching the vehicle for loose change to steal.

*Id*.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

4

result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the

Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Sufficiency of the Evidence (Claim II)*

Petitioner first contends that the evidence was insufficient to prove his guilt beyond a

6

reasonable doubt.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

      1.    *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970).  Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution.  "[I]t is the responsibility of the jury–not the court–to decide what conclusions should be drawn from the evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 4 (2011) (per curiam).  The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319).  Likewise, a reviewing court "do[es] not make credibility determinations in evaluating the sufficiency of the evidence." *United State v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bailey*, 444 U.S. 394, 424-25 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").  It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor

7

of the prosecution. *See Jackson*, 443 U.S. at 326. As the Court has explained, "the only question under *Jackson* is whether [the jury's finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. As the Sixth Circuit observe, "the *Jackson v. Virginia* standard is so demanded that a defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (en banc) (internal quotation omitted). Under the amended version of § 2254(d)(1) a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam). A state court's decision that the evidence satisfied the deferential *Jackson* standard is itself "entitled to considerable deference under AEDPA." *Coleman*, 132 S. Ct. at 2065; *see also*, *Cavazos*, 132 S. Ct. at 4; *Davis*, 658 F.3d at 534 ("Adding to this extremely high bar [under *Jackson*] are the stringent and limiting standards of AEDPA.").

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16). The Michigan unarmed robbery statute provides, in relevant part: "A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the

8

person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years." MICH. COMP. LAWS § 750.530(1). Under Michigan law, "[t]o be guilty of unarmed robbery, a defendant must (1) feloniously take the property of another, (2) by force or violence or assault or putting in fear, and (3) be unarmed." *People v. Harverson*, 291 Mich. App. 171, 177, 804 N.W.2d 757, 761 (2010) (citing *People v. Johnson*, 206 Mich. App. 122, 125-26, 520 N.W.2d 672, 674 (1994); MICH COMP. LAWS § 750.530).

      2.    *Analysis*

      There was no dispute at trial that petitioner feloniously took the property of another, nor that he was unarmed at the time. Petitioner argues that the prosecution failed to present sufficient evidence to prove that he used force or violence or putting in fear to accomplish the felonious taking. The Michigan Court of Appeals rejected this claim, reasoning:

> Again, defendant only challenges the second element, claiming that the prosecution failed to present evidence that he committed the larceny by engaging in "force or violence or assault or putting in fear." However, the prosecution presented sufficient evidence to establish this element. Jean testified that when Rizzuto caught defendant in his vehicle stealing coins and blocked the driver's side entrance to the vehicle in order to prevent defendant from fleeing, defendant attempted to escape by exiting the car, grabbing Rizzuto, struggling with him, and "slamming" him against the car door, causing Rizzuto to fall. Defendant testified that Rizzuto grabbed him as he tried to flee and claimed that he had "momentum" when Rizzuto grabbed him and "broke free" of Rizzuto's grasp, implying that some sort of force was necessary to disengage himself from Rizzuto's grasp. Accordingly, sufficient evidence was presented to permit a reasonable juror to conclude that defendant employed force or violence in the course of committing a larceny.
>
> In addition, Jean told an investigator that she could tell from the tone of Rizzuto's voice that he was afraid when confronting defendant; this evidence indicates that defendant's actions placed Rizzuto in fear. Further, a reasonable juror could infer that a homeowner in Rizzuto's position would be placed in fear if he saw a strange man sitting in his vehicle, in his driveway, and rifling through the vehicle's contents in the middle of the night.

*Chapman*, 2010 WL 2384927, at *2. Because this determination was reasonable, the Court should

9

conclude that petitioner is not entitled to habeas relief on this claim.

As noted above, the question is not how this Court would weigh the evidence or what this Court would have concluded had it sat as the trier of fact. The only question under *Jackson* is whether the jury's verdict was "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. And the only question on habeas review is whether the Michigan Court of Appeals's determination that the verdict did not fall below this threshold was reasonable. The Court should conclude that it was. As the court of appeals explained, there was direct testimony from the victim's wife that petitioner grabbed the victim and slammed him against the car door. The unarmed robbery statute expressly provides that "[a]s used in this section, 'in the course of committing a larceny' includes acts that occur . . . in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MICH. COMP. LAWS § 750.530(2). Thus, petitioner's use of force to attempt to flee was sufficient to satisfy the force or violence element of the statute. Petitioner contends that the evidence showed that the victim believed himself to be in control of the situation and was the one who used force. While that may be a plausible interpretation of the evidence, that the evidence might equally support other, innocent, inferences is irrelevant; the prosecution's evidence need not rule out every hypothesis other than petitioner's guilt to be sufficient. *See Jackson*, 443 U.S. at 326. The victim's wife testified that petitioner used force in attempting to flee, and that is sufficient even if the evidence would also support alternative inferences. As the Supreme Court explained, the *Jackson* standard does not permit "fine-grained factual parsing" of the evidence by a reviewing court, *Coleman*, 132 S. Ct. at 2064, nor does it permit this Court to reweigh the conflicts in the evidence or assess the credibility of the witnesses. The trier of fact was free to draw any reasonable inferences from the evidence, and

to resolve the conflicts in the evidence in favor of the prosecution. Because the jury's verdict was not "so insupportable as to fall below the threshold of bare rationality," *Coleman*, 132 S. Ct. at 2065, the court of appeals's rejection of petitioner's claim was reasonable. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Hearsay Evidence (Claim III)*

Petitioner next contends that he was denied a fair trial by the improper admission of hearsay evidence, in particular the prior consistent statement of the victim's wife. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987). "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable

11

in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny

the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir.

1994).

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection

or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas

corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v.

Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right

to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only

if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and

the adversary system will not be competent to uncover, recognize, and take due account of its

shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

2.     *Analysis*

At trial, Detective Brett Pittelkow testified that the victim's wife, Jean Rizzuto, gave a

statement to him the day following the robbery. Over defense counsel's hearsay objection,

Pittelkow was permitted to relate the contents of that statement to the jury. *See* Trial Tr., Vol. III,

536-37. Jean's statement included her description of the events of the robbery, including that

petitioner slammed her husband into the car. *See id.* at 538-41. On appeal, the Michigan Court of

Appeals determined that this testimony was properly admitted under Rule 801(d), which provides

in relevant part that a statement is not hearsay if "[t]he declarant testifies at trial . . . and is subject

to cross-examination concerning the statement, and the statement is . . . consistent with the

declarant's testimony and is offered to rebut an express or implied charge against the declarant of

recent fabrication[.]" MICH. R. EVID. 801(d)(1)(B). The court reasoned that petitioner "insinuated

12

that Jean was fabricating her in-court testimony when he asked whether she was concerned that
Rizzuto would get in some sort of trouble for shooting [him] in the back of the leg as he fled and
questioned her regarding inconsistencies between her in-court testimony and statements that she
made to Officer Peter Hoyt at the scene[.]" *Chapman*, 2010 WL 2384927, at *3.  The court further
rejected petitioner's argument that the statement made to Detective Pittelkow was not consistent
with Jean's trial testimony, *see id.* at *3-*4, and concluded that the trial court did not abuse its
discretion in concluding that Jean's statement to Detective Pittelkow was made before she had a
motive to falsify.  *See id.* at *4.  The Court should conclude that petitioner is not entitled to habeas
relief on this claim.

"The admission of a prior consistent statement where the declarant is available for cross-
examination at trial, as was the case here, is not a question that rises to the level of a constitutional
violation for purposes of habeas corpus relief."  *Parr v. Berghuis*, No. 2:10-CV-13265, 2012 WL
5906860, at *8 (E.D. Mich. Nov. 26, 2012) (Borman, J.) (citing *United States ex rel. Gonzalez v.
DeTella*, 918 F. Supp. 1214, 1222 (N.D. Ill. 1996)); *accord Carr v. Palmer*, No. 2:11-CV-10539,
2012 WL 5379510, at *13 (E.D. Mich. Oct. 31, 2012) (citing *Regan v. Hoffner*, 209 F. Supp. 2d 703,
715 (E.D. Mich. 2002) (Friedman, J.)).  Here, as the court of appeals observed, Jean Rizzuto was
available for cross-examination, petitioner through counsel's questioning of Jean implied that she
had fabricated her testimony, and her prior statement added nothing that was not cumulative of the
testimony she gave at trial.  In light of these facts, petitioner cannot show that the admission of the
prior consistent statement deprived him of a fair trial.  *See Benton v. Booker*, 403 Fed. Appx. 984,
985-86 (6th Cir. 2010); *Robinson v. Cambra*, 15 Fed. Appx. 452, 454 (9th Cir. 2001); *Henderson
v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997).  Moreover, there is "no Supreme Court decision

13

holding that the improper use of a witness's prior consistent statements violates the Constitution." *Drain v. Woods*, ___ F. Supp. 2d ___, ___, 2012 WL 5383048, at \*25 (E.D. Mich. 2012) (Tarnow, J.); *accord DePriest v. McKee*, No. 1:07-cv-1290, 2010 WL 5677024, \*24 (June 30, 2010), *magistrate judge's report adopted*, 2011 WL 652869 (W.D. Mich. Jan. 31, 2011). In the absence of such a holding, the Michigan Court of Appeals's decision is neither contrary to, nor an unreasonable application of, clearly established federal law. *See, e.g.*, *Maldonado v. Wilson*, 416 F.3d 470, 477-78 (6th Cir. 2005) (improper admission of voice-stress analysis evidence not unreasonable under AEDPA standard where no Supreme Court precedent established admission of polygraph or similar evidence as a violation of due process); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (admission of prior bad acts evidence did not violate clearly established federal law because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.    *Ineffective Assistance of Counsel (Claims I & IV)*

Finally, petitioner contends that his trial counsel was ineffective for failing to request a lesser offense instruction on larceny from a person. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

14

Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *Id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

"Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An

ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

2.      *Analysis*

Upon remand from the Michigan Court of Appeals, the trial court conducted an evidentiary

hearing regarding petitioner's ineffective assistance of counsel claim.  At the evidentiary hearing,

trial counsel Patrick Burson and petitioner himself testified.  Their testimony was accurately

summarized in the supplemental brief filed by appellate counsel in the Michigan Court of Appeals:

Attorney Burson stated that he had visited with Defendant in the jail perhaps ten times before trial.  He discussed strategy with Defendant at various times during the pretrial period.  Burson believed that Defendant had been overcharged and the proper charge was simple larceny from a motor vehicle.  He spoke to the prosecutor at various times to persuade the prosecutor to reduce the charges, to no avail.  Burson

16

and Defendant discussed and agreed to pursue a strategy of there having been no force or violence used in the incident.

Burson agreed that the "crux" of the case was the element of force or violence, given that the defense acknowledged that Defendant was trying to steal from a motor vehicle, however, he did not use force on the decedent. And that, if there was any force employed, it was employed by the decedent, Mr. Rizzuto.

Significantly, Attorney Burson admitted that he considered – but rejected – the option of larceny from a person, because he "never took anything from Mr. Rizzuto." Burson admitted that he and Defendant had discussed this lesser included offense, but believed that the issue of "no force or violence" was critical. He "didn't want to start giving [the jury] options to come down . . . and pick a lesser – lesser option. It was more of an all or nothing type of situation."

Defendant denied that there had been any significant discussion of the lesser included offense between himself and attorney Burson. He also denied that he agreed to an "all or nothing" defense.

Def.'s Supp. Br. Following Conclusion of Remand, in *People v. Chapman*, No. 290553 (Mich. Ct. App.), at 4-5 (citations to Mot. for New Trial Tr., dated 11/5/09, omitted).

After hearing this testimony and the argument of the parties, the trial court found trial counsel's version of events credible and concluded that counsel had adopted a reasonable trial strategy, as well as that petitioner was not prejudiced by the absence of the instruction:

In the case before me it is asserted here, and it was the court's impression at the time of trial that the approach taken by trial counsel was a strategic approach. That the case was defended essentially on an all or nothing defense or stated another way. The defendant was arguing that he did something wrong, but it didn't rise nearly to the level of what he was charged with. I think it's also important to look at that strategy in the context of both counts.

The strategy in one sense prevailed in party [sic]. The jury found the defendant not guilty on the first count. The court came more acquainted with this case than many others, because there were a series of proceedings before the trial. Throughout that course of proceedings it appeared to the court that the defendant was almost indignant that the particular charges against him had been brought.

The court sat through the trial and finds that the defense presented was a strategic decision, and it was a decision that the defendant agreed with. I make those findings today, not based on my sitting through the trial, although I'm aware of what occurred there, but based on the testimony today that I find credible. And note that that testimony, which I've heard today that I find credible is very consistent with my own impressions at the time. That there was a decision made to essentially argue, this is ridiculous what the defendant is being charged with, and the Prosecutor cannot

17

show that the elements have been met. And again, I note there were two charges and this approach was taken, I believe, on both. And the decision not to request a lesser included charge on Count II, was a strategic decision.

As an aside, this is not an unusual strategy. This is certainly not the only trial I presided at where there is a decision made not to give options. And I note that that's a strategic decision that either party can make as it relates to a request for lesser included charges. But it is not unusual for a defense to focus on the charge[d] offense and simply not raise other options for which the defense may recognize conviction is well nail [sic] certainty.

Here I'm talking generally, but I do find in this case that it was a strategic decision. It was a decision the defendant agreed with at the time. There is a strong presumption that challenge[d] conduct is sound trial strategy. . . .

. . . .

This was sound trial strategy. This was a very unusual case. The defendant was admittedly going through a vehicle in a driveway of a home in the middle of the night. The evidence indicates he was looking for and attempting to steal change. He was confronted by the homeowner who was armed.

There were conflicts in the testimony about exactly what happened when he was confronted by the homeowner. From the defendant's point of view it was asserted that in essence he was first responding to commands to get out of the vehicle from someone who was armed. And second, he was trying to get away.

There was other evidence that the jury presumably found credible, that during the course of exiting the vehicle or in the immediate instants afterwards, the defendant did [use] force. And the court does find that there is evidence that supports the verdict rendered on Count II, depending on the evidence believed. And that of course if for the jury to determine.

The court does not find it reasonably probable that the outcome would have been different, even if the instruction had been requested. But to address what the court ultimately finds the core point, this was a strategic decision. It was a sound decision among the options available. There was the possibility that it could prevail, and counsel was not ineffective for pursuing a strategy that the court finds the defendant agreed with.

Mot. for New Trial Tr., at 51-54.

On appeal, the Michigan Court of Appeals agreed that counsel pursued a reasonable strategy in not requesting a lesser offense instruction on larceny from a person. Noting that larceny from a person, although a lesser offense to the 15-year felony of unarmed robbery, still carried a maximum penalty of 10 years' imprisonment, the court of appeals explained that "[b]y not requesting an instruction on the lesser-included offense, defense counsel could focus his argument on the assertion

2:11-cv-14039-BAF-PJK   Doc # 16   Filed 12/12/12   Pg 19 of 25   Pg ID 1291

that the prosecution had failed to establish that defendant had engaged in force or violence toward Rizzuto, assuring that defendant would be acquitted of all charges if the jury determined that the prosecution had not established this element." *Chapman*, 2010 WL 2384927, at *6. The court further explained that, had the jury been instructed on larceny from a person, "the evidence presented at trial would have easily permitted the jury to convict defendant of larceny from a person, even if the jury determined that defendant had not engaged in force or violence toward Rizzuto." *Id*. Accordingly, the court concluded, "counsel made a strategic decision, based on reasonable professional judgment, not to request an instruction for the lesser-included offense of larceny from a person because this would give defendant a better chance at receiving an outright acquittal." *Id*. The Court should conclude that this determination was reasonable.

At the outset, petitioner's claim that counsel lied at the evidentiary hearing, and that he and counsel did not in fact discuss pursuing an all-or-nothing defense, does not affect this Court's analysis of petitioner's claim. The trial court made a factual finding, based on a determination that counsel was credible, that counsel considered the lesser offense instruction and the all-or-nothing strategy, and discussed these matters with petitioner. The trial court's factual findings, and in particular its credibility finding, are entitled to a presumption of correctness here. The habeas statute provides that, in a habeas case, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Ramonez v. Berghuis*, 490 F.3d 482, 490 (6th Cir. 2007) ("[I]n the context of a *Strickland* evidentiary hearing, it is for the judge to evaluate the credibility of the criminal defendant and the former defense counsel in deciding what advice counsel had in fact given to the defendant during his trial, and such findings are entitled

to the Section 2254(e)(1) presumption."). The Court must be particularly deferential with respect to the state court's credibility determinations, which "are virtually unreviewable by the federal courts." *Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (internal quotation omitted); *see also*, *LaTorres v. Walker*, 216 F. Supp. 2d 157, 167 (S.D.N.Y. 2000); *cf. Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. 2254(d) [the predecessor to § 2254(e)(1)] gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). "'Clear and convincing evidence' within the meaning of § 2254(e) 'requires greater proof than preponderance of the evidence' and must produce 'an abiding conviction' that the factual contentions being advanced are 'highly probable.' *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007) (quoting *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir.2004)); *cf. Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).[2] Here, petitioner contends that trial counsel did not tell the truth during the evidentiary hearing. He points to no evidence to support this claim, however, other than his own testimony at the evidentiary hearing. This testimony, already considered and rejected by the trial court, does not rebut the presumption of correctness.

---

[2]There is some dispute as to whether the § 2254(e)(1) presumption applies where a federal habeas court is considering only the evidence adduced in the state courts. Some courts have held that § 2254(e)(1) applies to all factual determinations, while others have held that § 2254(e)(1) applies only when a federal court develops new facts in an evidentiary hearing, leaving § 2244(d)(2)'s reasonableness determination as the sole means for evaluating state court factual findings where no additional evidence is adduced in the federal court. *See Wood v. Allen*, 130 S. Ct. 841, 848 n.1 (2010) (discussing split of authority). The Court granted *certiorari* on this issue in *Wood*, but ultimately declined to resolve it. *See id.* at 849. Although the Sixth Circuit has not explicitly decided this issue, it has repeatedly stated that, in making a reasonableness determination under § 2254(d)(2), a federal court must afford state court factual findings a presumption of correctness under § 2254(e)(1), and has done so in cases not involving any federal court evidentiary hearing. *See, e.g., Harris v. Haeberlin*, 526 F.3d 903, 910 (6th Cir. 2008); *Dixon v. Jamrog*, 121 Fed. Appx. 93, 94 (6th Cir. 2005); *Finley v. Rogers*, 116 Fed. Appx. 630, 632 (6th Cir. 2004); *Dennis v. Mitchell*, 354 F.3d 511, 518 (6th Cir. 2003). Thus, the Sixth Circuit approach is in accord with those courts that hold § 2254(e)(1) applicable to all state court factual findings, regardless of whether the federal court conducts an evidentiary hearing.

*See Valle v. Crosby*, No. 03-20387CIV, 2005 WL 3273754, at *6 (S.D. Fla. Sept. 13, 2005) (presumption of correctness not rebutted where "[t]he only evidence to which Petitioner now refers to dispute the trial court's findings, however, is evidence already considered and rejected by the trial court."). As the Supreme Court has explained in another context, "[w]hen . . . the issue involves the credibility of witnesses and therefore turns largely on an evaluation of demeanor, there are compelling and familiar justifications for . . . according [the trial court's] determinations presumptive weight." *Miller v. Fenton*, 474 U.S. 104, 114 (1985).

Turning to the merits of the claim, in light of the trial court's factual findings petitioner cannot show that counsel's decision to pursue an "all or nothing" defense on the involuntary manslaughter and unarmed robbery charges was unreasonable. Decisions about what defenses to pursue or not pursue are "[a]mong the 'virtually unchallengeable' tactical decisions left to the judgment of trial counsel." *Gluzman v. United States*, 124 F. Supp. 2d 171, 174 (S.D.N.Y. 2000). As the Court explained in *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Further, "[p]resenting the jury with an all-or-nothing choice is generally a reasonable trial strategy because, although it involves risk, it increases the chances of an acquittal." *Barnett v. Godinez*, No. 93-2011, 1995 WL 399030, at *4 (7th Cir. June 29, 1995); *see also*, *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). Here, the record reflects that counsel fully considered the available options, and in agreement with petitioner chose to pursue an all or nothing defense. Further, such a choice was reasonable. A request for a lesser offense instruction would have virtually guaranteed, at a minimum, a conviction on a charge carrying a 10 year maximum sentence. In light of the evidence, it was reasonable for counsel to keep this option away from the jury, and instead argue

21

that the prosecution failed to prove an element of the charge carrying a 15 year maximum sentence. Because the record shows that counsel and petitioner "jointly made a strategic decision to pursue an 'all-or-nothing' approach to obtain an outright acquittal," and because "[s]uch an approach was compatible with the law and the evidence presented at trial," petitioner was "not denied effective assistance of counsel." *Miller v. Nooth*, 403 Fed. Appx. 291, 292 (9th Cir. 2010); *see also*, *Washington v. United States*, 291 F. Supp. 2d 418, 442 (W.D. Va. 2003). *See generally*, *Griffin v. McVicar*, 84 F.3d 880, 888 (7th Cir. 1996) ("[T]he mere fact that a defendant chooses one of two available defenses cannot establish ineffective assistance of counsel, even if the defendant makes a bad choice."). And the Michigan Court of Appeals's decision that counsel's performance was reasonable was certainly itself a reasonable determination. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.      *Recommendation Regarding Certificate of Appealability*

1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a

22

"substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  Because the testimony of the victim's wife, if believed, established that petitioner used force in attempting to flee, and because the unarmed robbery statute makes it clear that force used while attempting to flee is sufficient to establish the force element of the statute, the resolution of petitioner's sufficiency of the evidence claim is not reasonably debatable.  Further, it is clear that the admission of a prior consistent statement, where the declarant is subject to cross-examination, raises no federal constitutional issue, and thus the resolution of petitioner's evidentiary claim is not reasonably debatable. Finally, because the record shows that counsel and petitioner together made a reasonable strategic decision to pursue an all-or-nothing strategy, the resolution of petitioner's ineffective assistance claim is not reasonably debatable.  Accordingly, the Court should deny petitioner a certificate of appealability.

H.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/12/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on December 12, 2012.

s/Eddrey Butts
Case Manager

25